# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 18-876V
### (not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

TIMOTHY J. LOKEN, as Natural Guardian
and Legal Representative of G.L., a minor,

                    Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                    Respondent.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Filed: March 16, 2020

Decision by Stipulation; Damages; Tdap Vaccine; Idiopathic Thrombocytopenia Purpura ("ITP").

*Nancy Routh Meyers*, Ward Black Law, P.A., Greensboro, NC, for Petitioner.
*Traci Patton*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON JOINT STIPULATION[1]

       On June 20, 2018, Petitioner Timothy Loken ("Petitioner") filed a petition, on behalf of his daughter, G.L., seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2]  Pet., ECF No. 1.  Petitioner alleges that the Tdap vaccine G.L. received on June 10, 2016 caused her to suffer from idiopathic thrombocytopenia purpura ("ITP").  *See* Stipulation ¶ 2, 4, dated March 13, 2020 (ECF No. 31); *see also* Petition.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C.A. ' 300aa-10-' 300aa-34 (West 1991 & Supp. 2002). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. ' 300aa.

Respondent denies "that the vaccine caused G.L. to suffer from ITP or any other injury or her current condition." *See* Stipulation ¶ 6. Nonetheless, both parties, while maintaining their above-stated positions, agreed in a stipulation filed March 13, 2020 that the issues before them can be settled and that a decision should be entered awarding Petitioner compensation.

I have reviewed the file, and based upon that review, I conclude that the parties' stipulation is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The parties have stipulated that Petitioner shall receive the following compensation:

**1. Lump Sum**

A lump sum of $5,000.00, which represents compensation for past unreimbursable expenses, in the form of a check payable to Petitioner, Timothy J. Loken. Stip. ¶ 8.

**2. Annuity**

The remainder of damages shall be paid in the form of an annuity contract, which shall be purchased as soon as practicable after entry of judgment. Accordingly, pursuant to 42 U.S.C. § 300aa-15(f)(4), I order Respondent to purchase, and take ownership of, an annuity contract,[3] as described below:

Each Life Insurance Company must meet the following criteria:

1. Have a minimum of $250,000,000 of capital and surplus, exclusive of any mandatory security valuation reserve; and

2. have one of the following ratings from two of the following rating organizations:
    a) A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;
    b) Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;
    c) Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;
    d) Fitch Credit Rating Company, Insurance Company Claims-Paying Ability Rating: AA-, AA, AA+, or AAA.

The Secretary of Health and Human Services shall purchase an annuity contract from the Life Insurance Company for the benefit of G.L., pursuant to which the Life Insurance Company will agree to make a certain lump sum payment to G.L. for all other damages that would be available under 42 U.S.C. § 300aa-15(a), in the amount of $64,189.35 on August 20, 2027.

---

[3] To satisfy the conditions set forth herein, in Respondent's discretion, Respondent may purchase one or more annuity contracts from one or more life insurance companies.

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner.  In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED.**

<u>s/ Katherine E. Oler</u>
Katherine E. Oler
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by jointly filing notice renouncing their right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| TIMOTHY J. LOKEN, as Natural Guardian and Legal Representative of G.L., a minor, </br></br>Petitioner,</br></br>v.</br></br>SECRETARY OF HEALTH AND HUMAN SERVICES,</br></br>Respondent. | No. 18-876V</br>Special Master Oler |

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of his daughter, G.L., Timothy J. Loken ("petitioner") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to G.L.'s receipt of the Tdap vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. G.L. received her Tdap immunization on June 10, 2016.

3. The vaccination was administered within the United States.

4. Petitioner alleges that the vaccine caused G.L. to suffer from idiopathic thrombocytopenic purpura ("ITP"), and that G.L. experienced residual effects of this injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of G.L. as a result of her condition.

6. Respondent denies that the vaccine caused G.L. to suffer from ITP or any other injury or her current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments for all damages that would be available under 42 U.S.C. §300aa-15(a):

    a. A lump sum of $5,000.00, which amount represents compensation for past unreimbursable expenses, in the form of a check payable to petitioner, Timothy J. Loken; and

    b. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

9. The Life Insurance Company must have a minimum of $250,000,000.00 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

    b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of G.L., pursuant to which the Life Insurance Company will agree to make a certain lump sum payment to G.L. for all other damages that

would be available under 42 U.S.C. §300aa-15(a), as follows: $64,189.35 payable in a certain lump sum on August 20, 2027. The payment provided for in this paragraph 10 shall be made as set forth above. Should G.L. predecease the certain lump sum payment set forth above, the remaining certain lump sum payment shall be made to her estate. Written notice to the Secretary of Health and Human Services and to the Life Insurance Company shall be provided within twenty (20) days of G.L.'s death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioner and his attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be

expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of G.L. as contemplated by a strict construction of 42 U.S.C. §§ 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. §§ 300aa-15(g) and (h).

16. Petitioner represents that he presently is, or within 90 days of the date of judgment will become, duly authorized to serve as guardian/conservator of G.L.'s estate under the laws of the State of North Carolina. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing his appointment as guardian/conservator of G.L.'s estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of the estate of G.L. at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian/conservator of the estate of G.L. upon submission of written documentation of such appointment to the Secretary.

17. In return for the payments described in paragraphs 8 and 12, petitioner, in his individual capacity and as legal representative of G.L., on behalf of himself, G.L., and her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally

release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of G.L. resulting from, or alleged to have resulted from, the Tdap vaccination administered on June 10, 2016, as alleged by petitioner in a petition for vaccine compensation filed on or about June 20, 2018, in the United States Court of Federal Claims as petition No. 18-876V.

18. If G.L. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

19. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

20. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or

amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

21. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

22. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the Tdap vaccine caused G.L. to suffer ITP or any other injury or her current condition.

23. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representatives of G.L.

END OF STIPULATION

Respectfully submitted,

PETITIONER:

*[signature]*

TIMOTHY J. LOKEN

ATTORNEY OF RECORD FOR PETITIONER:

*[signature]*

NANCY R. MEYERS, ESQ.
WARD BLACK LAW, P.A.
208 West Wendover Avenue
Greensboro, NC 27401
Tel: (336) 333-2244
Email: nmeyers@wardblacklaw.com

AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:

*Ward Sorensen for*
TAMARA OVERBY
Acting Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

AUTHORIZED REPRSENTATIVE OF THE ATTORNEY GENERAL:

*[signature]*

CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

ATTORNEY OF RECORD FOR RESPONDENT:

*[signature]*

TRACI R. PATTON
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 315-1589

Dated: **March 13, 2020**